Ferry PURWANTO, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–3002–ag.

United States Court of Appeals, Second Circuit.

March 16, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Daryl F. Bloom, Assistant United States Attorney, Harrisburg, PA, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Ferry Purwanto, a citizen of Indonesia, seeks review of a June 6, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Ferry Purwanto,* No. A96 426 005 (B.I.A. Jun. 6, 2006). *We assume the parties' familiarity with the underlying facts and procedural history of the case.*

A motion to reopen a decision by the BIA must be filed no later than 90 days after the date of the agency's final decision in a case. 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

Here, although the BIA only cursorily refers to the "general news articles" that Purwanto submitted, this description of his evidence is accurate and indicates that the articles were considered. In addition, because Purwanto's only evidence of changed country conditions were State Department reports and general news articles about Indonesia, a brief analysis of the documents was sufficient. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006).

In addition, as the government argues, Purwanto's assertion that he will face persecution on account of his moderate Muslim beliefs was not an issue presented to the BIA. To the contrary, Purwanto's brief to the BIA asserts that he is Christian. Further, in the BIA brief, Purwanto

did not argue that he qualified for relief based on his ethnicity, but rather asserted only that the BIA should treat Christians (like him) as a "disfavored group" because their experiences were "very similar" to that of ethnic Chinese Indonesians. Therefore, because Purwanto failed to raise his moderate-Muslim belief or ethnicity as a ground for relief before the agency, we decline to reach these issues. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 114–17 (2d Cir.2006). We also note that much of Purwanto's brief to this Court simply reiterates the same evidence he presented to the BIA concerning the mistreatment of Christians in Indonesia.

Finally, because Purwanto did not raise any other issues before the BIA, it did not err in finding that he failed to establish prima facie eligibility for relief. We agree that he stated that he is Muslim, and the "thrust" of his arguments to the Board concerned the persecution of Christians and non-Muslims. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that the BIA's finding that an applicant has failed to establish a prima facie case for the underlying substantive relief sought is a proper basis on which to deny a motion to reopen).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).